UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE DE JESUS LEDEZMA HERNANDEZ,

      Petitioner,

v.                                    Case No:  2:26-cv-00386-JES-DNF

MARKWAYNE MULLIN, SECRETARY of the DEPARTMENT OF HOMELAND SECURITY; TODD BLANCHE, ACTING ATTORNEY GENERAL OF THE U.S.; TODD M. LYONS, ACTING DIRETOR U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; KELEI B. WALKER, ICE ERO MIAMI FIELD OFFICE DIRECTOR; Kevin Guthrie, EXECUTIVE DIRECTOR OF THE FLORIDA DIVISION OF EMERGENCY MANAGEMENT,

      Respondents.[1]

_____

## OPINION AND ORDER

This matter comes before the Court on Petitioner's Motion for Attorneys' Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. #15) filed on May 12, 2026.  Respondents filed a Response in Opposition to Motion for Fees Under the Equal Access

_____

[1] Pursuant to Federal Rule of Civil Procedure 25, Markwayne Mullin, Todd Blanche, and Kelei B. Walker are automatically substituted in the place of the previously named respondents.

to Justice Act (Doc. #16) on May 26, 2026.  For the reasons stated below, the motion is denied.

On February 16, 2026, petitioner filed an Emergency Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and for Immediate Release or, in the Alternative, a Prompt Individualized Custody Determination Hearing (Doc. #1).  Respondents were directed to show cause why the petition should not be granted, and on March 5, 2026, the Federal Government filed an Opposition. (Docs. ## 7, 8.)  On March 9, 2026, the Court issued an Opinion and Order (Doc. #10) finding that petitioner was entitled to statutory process under 8 U.S.C. § 1226(a).  Judgment (Doc. #11) was issued on March 10, 2026, in favor of petitioner.

"In 1980, Congress passed the [Equal Access to Justice Act] in response to its concern that persons 'may be deterred from seeking review of, or defending against, unreasonable governmental action because of the expense involved in securing the vindication of their rights.'"  Sullivan v. Hudson, 490 U.S. 877, 883 (1989)(citing Equal Access to Justice Act, Pub. L. No. 96-481, 94 Stat. 2325).  Under the Equal Access to Justice Act ("EAJA"), "[e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United

- 2 -

States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The party seeking the award of fees is required to submit their motion "within thirty days of final judgment in the action." Id. § 2412(d)(1)(B).

The Government agrees that Petitioner was the prevailing party for EAJA purposes, however, contends both that Petitioner did not timely file its motion and the Government's position was substantially justified. (Doc. # 16, pp. 2-14.) Alternatively, the Government argues that the request should be reduced since the Petitioner's counsel's hourly rate "has not been proved by sufficient evidence and the request includes clerical tasks not compensable under the EAJA." (Id. at p. 1.)

### A.    The Petitioner's EAJA Motion Is Untimely

The 30-day requirement of § 2412(d)(1)(B) "is jurisdictional in nature" and where the claimant fails "to file an EAJA application within this time constraint" the district court is precluding from considering the merits of the fee application. See Myers v. Sullivan, 916 F.2d 659, 666 (11th Cir. 1990); see also Singleton v. Apfel, 231 F.3d 853, 857 (11th Cir. 2000)(holding that an untimely EAJA application precludes a district court from considering the merits of the application).

Here, the Petitioner's motion is untimely.  Judgment (Doc. #11) was entered on March 10, 2026, but Petitioner only filed this motion on May 12, 2026.  This is 63 days after the order which clearly exceeds the 30 days permitted by the EAJA.  See 28 U.S.C. § 2412(d)(1)(B).  Accordingly, the Petitioner's motion must be denied as untimely.[2]

### B.    The Government's Position Was Substantially Justified

Even if Petitioner had timely filed the Court finds the Government's position was substantially justified.  The term "substantially justified" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552, 565 (1988).  The "position can be justified even though it is not correct;" "it can be substantially . . . justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Id. at 566 n.2.  "The government bears the burden of showing that its position was substantially justified."  U.S. Commodities Futures Trading Comm'n v. Escobio, Case Nos. 20-12991 & 20-13363,

---

[2] The Government also contends the motion should be denied for violating the local rules, since the motion was not filed within 14 days of entry of judgment nor did it follow the bifurcated process.  See M.D. Fla. R. 7.01.  While correct, the Court will not enforce the shorter timeline of the local rules where a statute on point permits 30 days to file the motion.

2021 WL 3878251, at *2 (11th Cir. Aug. 31, 2021)(quoting Stratton v. Bowen, 827 F.2d 1447, 1450 (11th Cir. 1987)).

Factors considered include: "(1) the state at which the litigation was resolved; (2) views expressed by other courts on the merits; and (3) the legal merits of the government's position." Jean v. Nelson, 863 F.2d 759, 767 (11th Cir. 1988), aff'd sub nom. Comm'r, I.N.S. v. Jean, 496 U.S. 154 (1990). Additional factors that may be considered are: "(1) the clarity of the governing law; (2) the foreseeable length and complexity of the litigation; and (3) the consistency of the government's position." Id. Even if the Government's position "ultimately prove[s] to be incorrect," the issue is whether "the position was reasonable" at the time. Kurapati v. U.S. Citizenship & Immigr. Servs., 700 F. App'x 974, 976 (11th Cir. 2017).

The Government first argues the binding Board of Immigration Appeals decision in Yajure Hurtado, 29 I. & N. Dec. 216, 216 (BIA 2025), "supported the Government's administrative position in this case, and supports denying EAJA fees here" because it found that the Department of Homeland Security policy of mandatory detention under 8 U.S.C. § 1225 was lawful. (Doc. 16, p. 8). As this Court previously stated, it is not convinced this decision provides substantial justification for the Government's position. See

- 5 -

Giron Bautista v. Noem, Case No. 2:26-cv-75-JES-DNF, 2026 WL 709778, at *2 (M.D. Fla. Mar. 13, 2026)(Steele, J.).

While the Eleventh Circuit has since confirmed the Government's position was incorrect, it seems apparent that the position was nonetheless substantially justified. See Alvarez v. Warden, Federal Detention Center Miami, --F. 4th --, 2026 WL 1243395 (11th Cir. May 6, 2026); see also Castañon-Nava v. U.S Dep't of Homeland Sec., -- F.4th --, 2026 WL 1223250 (7th Cir. May 5, 2026)(reaching same conclusion as the Eleventh Circuit); Barbosa da Cunha v. Freden, -- F.4th --, 2026 WL 1146044 (2d Cir. Apr. 28, 2026)(same). Before the Court's order in this case, the Fifth Circuit agreed with the Government's position in this case that most noncitizens apprehended anywhere in the United States are never eligible for release on bond since they are "seeking admission." See Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026). Further, the Eighth Circuit reached a similar conclusion as the Fifth Circuit. See Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026). Such disagreement amongst the circuit courts confirms the issue was sufficiently unsettled at the time the Government presented its position which had been adopted by two circuits. Kurapati, 700 F. App'x at 976. Therefore, though the Government's position was ultimately incorrect in this circuit, it was substantially justified.

Accordingly, it is hereby

**ORDERED:**

Petitioner's Motion for Attorneys' Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. #15) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___27th___ day of May 2026.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

- 7 -